IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY KROTINE, | ) | CASE NO.  1: 07 CV 1559 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY, OHIO, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon the Report and Recommendation submitted by Magistrate Judge Patricia A. Hemann on November 12, 2007.  (ECF # 23.)  For the reasons set forth below, the Report and Recommendation is hereby ADOPTED in part and REJECTED in part.

**I.**

Plaintiff's wife, Ramona Krotine, was murdered on March 21, 2003, and her body was later found in the trunk of her Toyota at a rapid station.  Plaintiff was tried three different times in the Cuyahoga County Court of Common Pleas for his wife's murder.  Plaintiff alleges that, in connection with the first two trials, Defendants failed to provide him with the following exculpatory information:

> a) The existence of a witness named Mel Twining, who told police that he had witnessed three men stuffing something which could have been a body into the back seat of a Toyota-type car at a hotel in Middleburg Heights, Ohio where Ramona Krotine had been on the night she was murdered, which evidence indicated Ramona Krotine could have been killed at the hotel by several individuals and not at the home by plaintiff, as police had theorized;
>
> b) Any and all investigatory follow-ups of the information provided by Mel Twining, including the existence and/or identities of any other witnesses who may have been able to corroborate Mr. Twining's statement and information;
>
> c) The existence of a witness named Patty Smith, who told police that she heard a

>gunshot at the same hotel in Middleburg Heights on the night Ramona Krotine was killed, which evidence supported the evidence given by Mel Twining;
>
>d) Any and all investigatory follow-ups of the information provided by Patty Smith, including the existence and/or identities of any other witnesses who may have been able to corroborate Ms. Smith's statement and information;
>
>e) The existence of a statement given to police by a witness named Sam Mazzola, who had been in the same location as Ramona Krotine earlier on the evening she was killed, and who told police that he had information that may have implicated another man in Ramona Krotine's murder.
>
>f) Any and all investigatory follow-ups of the information provided by Sam Mazzola, including the existence and/or identities of any other witnesses who may have been able to corroborate Mr. Mazzola's statement and information.

(ECF # 1 at ¶ 26.) Plaintiff contends that Defendants, acting in concert with one another, knew about this exculpatory evidence, but withheld it from him and his counsel prior to his first and second trials. (*Id.* at ¶¶ 29, 31.) Both the first and second trials resulted in a hung jury. (*Id.* at ¶¶ 30, 32.)

After the second trial, Steven Dever replaced assistant county prosecutor David Zimmerman as the prosecutor assigned to the case. (*Id.* at ¶ 33.) Plaintiff states that:

>Prior to the third trial, Mr. Dever provided [his] defense counsel with access to all police reports and other discovery materials not normally produced to defense attorneys. In studying the 900 pages of police reports and other discovery materials given to [his] attorneys, [his] attorneys discovered the above-referenced exculpatory evidence that was previously withheld, evidence which should have been produced prior to the first trial.

(*Id.* at ¶¶ 34-35.) Plaintiff's third trial resulted in an acquittal. (*Id.* at ¶ 36.)

On May 26, 2007, Plaintiff filed a five-count complaint against Cuyahoga County, the City of Brook Park, Mr. Zimmerman, Brook Park detectives William Lambert and Timothy Robinson, Lieutenant James Foster of the Brook Park Police Department, and John Does #1-5, unidentified Brook Park police officers.

In Count I of the Complaint, Plaintiff alleges that, in withholding exculpatory information, Defendants violated his right to due process under the Fourth and Fourteenth Amendments to the U.S. Constitution and Ohio Constitution.  (*Id.* at ¶¶ 39-41.)  In Count II of the Complaint, Plaintiff alleges that Defendants' conduct constitutes a violation of his right to a fair trial under the Sixth Amendment to the U.S. Constitution.  (*Id.* at ¶¶ 42-44.)  In Count III of the Complaint, Plaintiff asserts that the conduct of Defendants Cuyahoga County and the City of Brook Park, "in carrying out policies and practices that resulted in the withholding of exculpatory evidence . . . , and in training their employees to adhere to and carry out these policies and practices" resulted in a violation of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  (*Id.* at ¶¶ 45-47.)  In Count IV of the Complaint, Plaintiff contends that Defendants conspired to deprive him of his civil rights under federal and state law.  (*Id.* at ¶¶ 48-50.)  Finally, in Count V of the Complaint, Plaintiff attempts to bring a claim of intentional infliction of emotional distress against the individual defendants.  (*Id.* at ¶¶ 51-53.)

On August 1, 2007, Defendants the City of Brook Park, Mr. Lambert, Mr. Robinson and Lt. Foster filed an Answer to Complaint, denying all material allegations.  (ECF # 10.)  On August 3, 2007, Defendants Cuyahoga County and Mr. Zimmerman filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (ECF # 11.)  On September 28, 2007, Defendants the City of Brook Park, Mr. Lambert, Mr. Robinson and Lt. Foster filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c).  (ECF # 14.)  On October 9, 2007, Plaintiff filed an Opposition to the Motions.  (ECF # 17.)

This Court referred the matter to Magistrate Judge Hemann for a Report and Recommendation on the pending motions.  (ECF # 20.)  Magistrate Judge Hemann issued a

-3-

Report and Recommendation on November 12, 2007, recommending that the Court "dismiss without prejudice the claims against Zimmerman in his official capacity for lack of jurisdiction and otherwise grant defendants' motions and dismiss with prejudice [Plaintiff's] remaining claims." (ECF # 23.)[1]

On November 19, 2007, Defendants Cuyahoga County and Mr. Zimmerman filed Objections to the Report and Recommendation. (ECF # 24.) On the same day, Defendants Cuyahoga County and Mr. Zimmerman filed a Motion for Sanctions pursuant to Rule 11. (ECF # 25.) On November 20, 2007, Defendants the City of Brook Park, Mr. Lambert, Mr. Robinson and Lt. Foster filed Objections to the Report and Recommendation. (ECF # 27.) On December 3, 2007, Plaintiff filed a Response to the Motion for Sanctions. (ECF # 29.)

**II.**

**A. State Law Claims Against Mr. Zimmerman In His Official Capacity**

In the Report and Recommendation, the Magistrate Judge, *sua sponte*, raised the issue of jurisdiction with respect to two of Plaintiff's claims. (ECF # 23 at 4.) In particular, the Report and Recommendation first examines the claims seeking monetary damages for conspiracy and intentional infliction of emotional distress against Mr. Zimmerman in his official capacity. (*Id.* at 5.) The Report and Recommendation states that Mr. Zimmerman, in his official capacity as prosecutor, is an agent of the State of Ohio. (*Id.*) As such, it finds that aforementioned state law claims, seeking monetary damages, must be heard in the Ohio Court of Claims. (*Id.* at 6.) On this basis, the Magistrate Judge recommends that the Court dismiss Plaintiff's state law claims

---

[1] The Report and Recommendation states that Cuyahoga County is not a proper party to this lawsuit and, thus, recommends that the Court dismiss Cuyahoga County from this action. (*Id.* at n.8.)

for conspiracy and intentional infliction of emotional distress. (*Id.*)

### B. Federal Claims Against Mr. Zimmerman In His Official Capacity

The Report and Recommendation recognizes that Mr. Zimmerman is a prosecutor and an agent of the State of Ohio and, as such, the § 1983 claims against him in his official capacity should be regarded as claims against the State. (*Id.* at 15.) Because federal claims against the State brought pursuant to § 1983 are barred by the Eleventh Amendment, the Report and Recommendation finds that Plaintiff's § 1983 claims against Mr. Zimmerman in his official capacity must be dismissed. (*Id.* at 16.)

### C. Claims Against Mr. Zimmerman in His Individual Capacity

The Report and Recommendation sets forth the following claims against Mr. Zimmerman in his individual capacity: "(1) violation of due process brought pursuant to § 1983 for withholding exculpatory evidence before and during Krotine's first two trials; (2) violation of the right to a fair trial brought pursuant to § 1983 for withholding exculpatory evidence before and during Krotine's first two trials; (3) conspiring with other defendants to withhold exculpatory evidence, carrying out policies and practices that result in the withholding of exculpatory evidence, and training employees to carry out the forbidden policies and practices; and (4) intentional infliction of emotional distress brought pursuant to state law." (*Id.* at 6-7) (footnote omitted).) The Report and Recommendation recommends that this Court find that Plaintiff cannot prevail on any of these claims.

With respect to Plaintiff's claims against Mr. Zimmerman arising under § 1983, the Report and Recommendation explains that, under the relevant law, Mr. Zimmerman enjoys absolute immunity for prosecutorial decisions, including his failure to disclose exculpatory

evidence. (*Id.* at 9-10.) As such, the Magistrate Judge recommends that the Court dismiss Plaintiff's federal causes of action against Mr. Zimmerman in his individual capacity. (*Id.* at 11.)

The Report and Recommendation next finds Plaintiff's claim that Mr. Zimmerman participated in a conspiracy to deprive him of his civil rights to be without merit. (*Id.*) More specifically, because Plaintiff fails to cite any law authorizing a federal cause of action for conspiracy, the Report and Recommendation states that the cause of action should be dismissed for failure to state a claim upon which relief can be granted. (*Id.* at 11-12.) To the extent that Plaintiff attempts to state a claim for conspiracy under state law, the Report and Recommendation provides that Mr. Zimmerman is absolutely immune from liability for those acts intimately associated with his role as a prosecutor. (*Id.* at 13.) Further, Plaintiff fails to set forth allegations sufficient to assert an underlying wrongful act that would serve as a basis for liability as a conspirator. (*Id.*) On this basis, the Report and Recommendation urges the Court to dismiss Plaintiff's claim for conspiracy against Mr. Zimmerman in his individual capacity. (*Id.* at 14.)

Plaintiff likewise alleges that Mr. Zimmerman, individually and in concert with the other Defendants, is liable to him for the intentional infliction of emotional distress. (*Id.*) With respect to this claim, the Report and Recommendation states, "Krotine's cause of action against Zimmerman fails because Krotine does not allege in his complaint that Zimmerman intended to cause him serious emotional distress, nor is it apparent from the acts alleged of Zimmerman as an investigator that he should have known that the alleged conduct would cause Krotine serious emotional distress." (*Id.* at 15.) Based upon its finding that Plaintiff failed to allege a necessary element of the tort, the Report and Recommendation recommends that this Court find that Plaintiff fails to state a claim upon which relief can be granted and dismiss Plaintiff's claim

against Mr. Zimmerman in his individual capacity for intentional infliction of emotional distress. (*Id.*)

### D. Claims Against The Officers In Their Individual Capacities

The Report and Recommendation next turns to Plaintiff's allegations that "the defendant officers in their individual capacity: (1) violated his right to due process and his right to a fair trial by failing to record, investigate, or turn over to the prosecutor exculpatory evidence during their investigation of R. Krotine's murder to ensure that this evidence would not reach [him]; (2) conspired with other defendants to withhold exculpatory evidence; and (3) intentionally inflicted serious emotional distress on [him]. The alleged violations of due process and the right to a fair trial are raised pursuant to § 1983; the allegations of conspiracy and intentional infliction of emotional distress are raised pursuant to state law." (*Id.*)

With respect to the alleged violations of due process and the right to a fair trial pursuant to § 1983, the Report and Recommendation states:

> Although Krotine asserts that the officers withheld information from the prosecutor, the only exculpatory information he cites as having been withheld from him is information that the police shared with the prosecutor. He asserts that all defendants, including the prosecutor, knew of the withheld exculpatory information and that the exculpatory information was in the prosecutor's files. Krotine cites no caselaw to support the proposition that police commit a *Brady* violation despite having shared exculpatory information with the prosecutor.

(*Id.* at 19-20.) Because Plaintiff has not alleged that the officers failed to turn exculpatory evidence over to the prosecutor and cites no law that would support liability for the conduct he does allege of the officers, the Report and Recommendation urges this Court to dismiss Plaintiff's claims raised pursuant to § 1983 against the defendant officers in their individual capacities. (*Id.*)

As to the alleged conspiracy, the Report and Recommendation likewise finds this claim to be without merit. (*Id.* at 20.) According to the Report and Recommendation, Plaintiff fails to set forth allegations sufficient to state of a claim of conspiracy against the individual officers and, as such, this claim should be dismissed. (*Id.* at 20-21.)

Similarly, because Plaintiff does not allege that the officers engaged in any conduct that resulted in injury to him, the Report and Recommendation likewise urges this Court to dismiss his claim against the individual officers for intentional infliction of emotional distress. (*Id.* at 21.)

### E. Claims Against The Officers In Their Official Capacities And Against Brook Park

The Report and Recommendation states that Plaintiff's § 1983 cause of action against the officers in their official capacities is absorbed into his suit against Brook Park. (*Id.* at 21-22.) The Magistrate Judge reached this determination based upon her observation that official capacity suits are construed as brought against the entity itself – in this case, the City of Brook Park. (*Id.* at 22.) Because respondeat superior is not available as a theory of recovery under § 1983, Plaintiff must show that the municipality itself in the wrongdoer. (*Id.*) According to the Magistrate Judge, Plaintiff does not allege facts sufficient to make such a showing. (*Id.* at 22-23.) As such, the Report and Recommendation recommends that the Court dismiss Plaintiff's cause of action pursuant to § 1983 against the officers in their official capacities and against Brook Park. (*Id.* at 22.)

The Report and Recommendation goes on to state that, as with Plaintiff's federal claims, Plaintiff's state claims against the officers in their official capacities are treated as a suit against Brook Park, the political subdivision in whose name they act. (*Id.* at 23-24.) As to those claims,

the Report and Recommendation states:

> [t]he state claims against Brookpark must be dismissed for the same reasons that Krotine's state claims against the officers in their individual capacities and the federal claim against Brookpark must be dismissed: Krotine does not allege that any acts attributable to the officers or to Brookpark injured him . . . [T]he officers took no action in furtherance of the alleged conspiracy and cannot be held responsible for the prosecutor's decision to withhold evidence. Brookpark cannot, therefore, be held liable for a conspiracy against Krotine based on the conduct of its officers. Krotine also does not allege any conduct committed by the officers which might serve as a basis for a claim of intentional infliction of emotional distress. Finally, Brookpark's alleged policy of withholding exculpatory evidence did not injure Krotine because Brookpark's officers did not withhold from the prosecutor any of the exculpatory evidence at issue in this case. Because Krotine does not allege facts to show that the acts of Brookpark's officers or Brookpark's policies injured him, Krotine cannot prevail on his state cause of action against Brookpark for intentional infliction of emotional distress.

(*Id.* at 24.) As such, the Report and Recommendation urges this Court to dismiss Plaintiff's causes of action against the officers in their official capacities and against Brook Park. (*Id.*)

## III.

### A. Objections To The Report and Recommendation Filed By Cuyahoga County and Mr. Zimmerman

In their objections to the Report and Recommendation, Defendants Cuyahoga County and Mr. Zimmerman first assert that, even if not barred by the Eleventh Amendment as found in the Report and Recommendation, the federal claim against Mr. Zimmerman in his official capacity fails because Plaintiff cannot establish a *Brady* violation. (ECF # 24 at 2.) According to Cuyahoga County and Mr. Zimmerman, the Report and Recommendation should have found that Plaintiff cannot establish a *Brady* violation as a matter of law, because he cannot show that he was prejudiced by the alleged withholding of exculpatory evidence. (*Id.*) That is, Cuyahoga County and Mr. Zimmerman argue that Plaintiff cannot show a reasonable probability that the alleged suppressed evidence would have produced a different verdict, for the simple reason that

-9-

he was never convicted and indeed was acquitted of the murder charge. (*Id.* at 2-3.)

Next, Cuyahoga County and Mr. Zimmerman contend that, contrary to the findings in the Report and Recommendation, this Court does not lack jurisdiction to consider Plaintiff's state law claims brought against Mr. Zimmerman in his official capacity. (*Id.* at 3.) To that end, Cuyahoga County and Mr. Zimmerman state:

> It is fundamental that a claim against Defendant Zimmerman in his "official capacity" is the equivalent to a suit against his employer, William D. Mason, Prosecuting Attorney of Cuyahoga County. The Office of the Prosecuting Attorney of Cuyahoga County is a political subdivision of the State of Ohio, not an "agent of the state" as defined in the Report and Recommendation. Contrary to the Magistrate's conclusion that the Court of Claims is the only venue in which Plaintiff could prosecute these claims, the Court of Claims would indeed lack subject matter jurisdiction to entertain these state law claims.

(*Id.* at 3-4.) Thus, Cuyahoga County and Mr. Zimmerman argue that the Court of Claims is not the proper forum for resolution of Plaintiff's state law claims against Mr. Zimmerman in his official capacity. (*Id.* at 4.)

### B. Objections To The Report and Recommendation
### Filed By Brook Park, Mr. Lambert, Mr. Robinson and Lt. Foster

Defendants the City of Brook Park, Mr. Lambert, Mr. Robinson and Lt. Foster likewise filed objections to the Report and Recommendation of the Magistrate Judge. (ECF # 27.) As with Defendants Cuyahoga County and Mr. Zimmerman, these Defendants object to "the omission from the Report and Recommendation the alternative ground for granting Defendants' motion on the basis that Plaintiff's alleged violation under *Brady v. Maryland*, 373 U.S. 83 (1963), fails as a matter of law." (*Id.* at 1.) That is, Defendants argue that Plaintiff cannot establish prejudice, because he was never convicted of the murder charge against him. (*Id.*) To that end, Defendants City of Brook Park, Mr. Lambert, Mr. Robinson and Lt. Foster incorporate

the objections of Defendants Cuyahoga County and Mr. Zimmerman to the Report and Recommendation. (*Id.*)

### C. Plaintiff's Objections To The Report and Recommendation

In objecting to the Report and Recommendation, Plaintiff first addresses the claims against Mr. Zimmerman in his individual capacity. (ECF # 28 at 2.) With respect to his § 1983 claims, Plaintiff asserts that the Magistrate Judge misinterpreted his position. (*Id.* at 12.) More specifically, Plaintiff states that he is arguing for a change in the law regarding prosecutorial misconduct. (*Id.*) Plaintiff argues:

> *Imbler v. Pachman*, 424 U.S. 409 (1976) was decided in 1976. Since then, the U.S. Supreme Court, rather than expanding the scope of prosecutorial immunity, has reduced it. Plaintiff's point is that in light of recent examples of prosecutorial misconduct and the state of flux in the law as it relates to other areas of Fourth Amendment law, and the fact-based nature of absolute immunity, this case should be permitted to proceed to discovery.

(*Id.*) According to Plaintiff, if dismissal is appropriate, it should be at the summary judgment stage, after he is permitted to proceed with discovery. (*Id.*) Plaintiff makes the same arguments as to the alleged conspiracy and intentional infliction of emotional distress, asserting that Mr. Zimmerman should not be entitled to absolute immunity. (*Id.* at 13-14.) As to the federal claims against Mr. Zimmerman in his official capacity, Plaintiff argues that his claims should be considered claims against the county, not the State of Ohio, and should not be barred by Eleventh Amendment immunity. (*Id.* at 15.)

Plaintiff then turns to the claims against the officers in their individual capacities. (*Id.* at 16.) Concerning the § 1983 claims, Plaintiff argues that factual questions call for discovery and should preclude dismissal at this stage of the litigation. (*Id.* at 16-17.) Plaintiff next states that, because he does, in fact, allege acts in furtherance of the conspiracy, the conspiracy count

-11-

against the individual police officers should stand. (*Id.* at 18.) Last, Plaintiff states that, in light of his allegations relating to the conduct of the police officers, he should be permitted to proceed on his claim of intentional infliction of emotional distress against them. (*Id.* at 19.)

Finally, Plaintiff addresses the Report and Recommendation as it applies to his claims against the officers in their official capacities and against Brook Park. (*Id.* at 19-20.) Plaintiff contends that, contrary to the findings of the Magistrate Judge in the Report and Recommendation, he was indeed harmed by Brook Park's alleged policy of withholding exculpatory evidence. (*Id.* at 19.) For the same reasons, he maintains that his state causes of action for conspiracy and intentional infliction of emotional distress against the officers and the City of Brook Park should stand. (*Id.* at 20.)

**IV.**

The Court has reviewed Magistrate Judge Hemann's Report and Recommendation *de novo*, and has carefully examined the objections of the parties to the same. Based upon this review, the Report and Recommendation is hereby ADOPTED in part and REJECTED in part.

The sole basis upon which this Court declines to adopt the Report and Recommendation relates to Plaintiff's state law claims against Mr. Zimmerman in his official capacity. As set forth above, in examining the claims against Mr. Zimmerman in his official capacity seeking monetary damages for conspiracy and intentional infliction of emotional distress, the Magistrate Judge found that those claims must be heard in the Ohio Court of Claims. On this basis, the Magistrate Judge recommended that the Court dismiss Plaintiff's state law claims for conspiracy and intentional infliction of emotional distress.

Contrary to the Report and Recommendation, the Court finds that it indeed has

-12-

jurisdiction to entertain these claims. As set forth in the objections to the Report and Recommendation filed by Defendants Cuyahoga County and Mr. Zimmerman, the Court of Claims would lack subject matter jurisdiction over Plaintiff's claims. *See Howard v. Ohio*, Nos. 04AP-1093, 04AP-1272, 2005 WL 1022911, *2 (Ohio App. 10th Dist. May 3, 2005). Accordingly, in the interest of judicial economy, this Court shall exercise jurisdiction over Plaintiff's claims against Mr. Zimmerman in his official capacity seeking monetary damages for conspiracy and intentional infliction of emotional distress.

Because Mr. Zimmerman was performing prosecutorial functions with respect to the allegations in Plaintiff's complaint, and there is no applicable exception, immunity under state law applies. As such, Plaintiff's claims against Mr. Zimmerman in his official capacity seeking monetary damages for conspiracy and intentional infliction of emotional distress fail as a matter of law.

The Court finds the remainder of the Report and Recommendation to be well-written, well-supported and correct. In making this determination, however, the Court would be remiss in failing to mention the validity of certain points raised in Defendants' remaining objections. That is, the Court finds that, although it need not reach the alternative finding sought by Defendants, the Court finds merit in Defendants' position that Plaintiff cannot show prejudice as a result of the alleged *Brady* violation. Even assuming *arguendo* that a *Brady* violation existed and exculpatory evidence was intentionally withheld, the mere fact that there were two hung juries followed by an acquittal is alone insufficient to leap to the conclusion that Plaintiff suggests – namely, that Plaintiff was prejudiced and that the original outcome would have been different had the *Brady* violation not occurred. A variety of other factors exist that could have

resulted in the first two juries being hung.  Those factors include, but are not limited to, the way each case was presented, the composition of the juries, and even the varying skills of the respective prosecutors.  Based on the finding that immunity under state law applies, as set forth above, the Court notes the persuasiveness of Defendants' arguments, but finds that an alternative finding is unnecessary in this instance.

The sole issue remaining for consideration is the Motion for Sanctions filed by Defendants Cuyahoga County and Mr. Zimmerman pursuant to Rule 11. (ECF # 25.)  In the Motion for Sanctions, Cuyahoga County and Mr. Zimmerman claim that Plaintiff's counsel's conduct in commencing this action was not objectively reasonable under the circumstances.  (*Id.* at 8-9.)  Plaintiff opposes the Motion, stating that "this lawsuit was not undertaken without proper inquiry, nor was it undertaken, with regards to either the facts or the law, unreasonably." (ECF # 29 at 6-7.)  This Court has thoroughly reviewed the Motion and Plaintiff's response to the same, and finds that the narrow standard for the imposition of Rule 11 sanctions does not warrant the imposition of sanctions in this case.  As such, the Motion is DENIED.

## V.

Based on the foregoing, the Report and Recommendation is hereby ADOPTED in part and REJECTED in part.  (ECF # 23.)  The sole basis upon which this Court declines to adopt the Report and Recommendation relates to Plaintiff's state law claims against Mr. Zimmerman in his official capacity.  Contrary to the Report and Recommendation, the Court finds that: (1)  it indeed has jurisdiction to entertain Plaintiff's claims against Mr. Zimmerman in his official capacity seeking monetary damages for conspiracy and intentional infliction of emotional distress, and (2) such claims fail as a matter of law.  The remainder of the Report and

Recommendation is ADOPTED, and the remaining objections are OVERRULED. In addition, the Motion for Sanctions is DENIED. (ECF #25.) Plaintiff to bear all costs of this action. This case is TERMINATED.

      IT IS SO ORDERED.

                                        *s/Donald C. Nugent*
                                        DONALD C. NUGENT
                                        United States District Judge

DATED: May 6, 2008